FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

2012 OCT -3 P 12: 36

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

BASCOM RESEARCH, LLC a Virginia Limited
Liability Company,

      Plaintiff,

v.

LINKEDIN CORPORATION, a Delaware
Corporation,

Serve:  Corporation Service Company
        Registered Agent
        2711 Centerville Rd, Ste. 400
        Wilmington, DE 19808

      Defendant.

Case No. *1:12CV1112-LMB/JFA*

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bascom Research, LLC ("Bascom") files this Complaint for Patent Infringement

and Jury Demand against Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") and

alleges as follows:

## THE PARTIES

1.     Bascom is a Virginia limited liability company organized and existing under the laws of

Virginia having a principal place of business at 7025 Elizabeth Drive, McLean, Virginia 22101.

2.     On information and belief, Defendant is a Delaware corporation organized and existing

under the laws of Delaware, with its principal place of business at 2029 Stierlin Court, Mountain

View, California 94043, and with additional United States offices in Chicago, Illinois, Los Angeles,

California, New York, New York, Omaha, Nebraska, and San Francisco, California.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 101 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5.      This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant does business in this District and has, and continues to, infringe and/or induce the infringement in Virginia and in this District. In addition, the Court has personal jurisdiction over Defendant because it has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL COUNTS

6.      On September 19, 2006, U.S. Patent No. 7,111,232 ("the '232 Patent"), entitled METHOD AND SYSTEM FOR MAKING DOCUMENT OBJECTS AVAILABLE TO USERS OF A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '232 Patent is attached to this Complaint as Exhibit A and is incorporated by reference herein.

7.      All rights, title, and interest in the '232 Patent have been assigned to Bascom, which is the sole owner of the '232 Patent.

8.      On November 21, 2006, U.S. Patent No. 7,139,974 ("the '974 Patent"), entitled FRAMEWORK FOR MANAGING DOCUMENT OBJECTS STORED ON A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '974 Patent is attached to this Complaint as Exhibit B and is incorporated by reference herein.

9.      All rights, title, and interest in the '974 Patent have been assigned to Bascom, which is the sole owner of the '974 Patent.

10.     On January 2, 2007, U.S. Patent No. 7,158,971 ("the '971 Patent"), entitled METHOD FOR SEARCHING DOCUMENT OBJECTS ON A NETWORK, was issued to Thomas Layne

Bascom. A true and correct copy of the '971 Patent is attached to this Complaint as Exhibit C and is incorporated by reference herein.

11.     All rights, title, and interest in the '971 Patent have been assigned to Bascom, which is the sole owner of the '971 Patent.

12.     On June 17, 2008, U.S. Patent No. 7,389,241 ("the '241 Patent"), entitled METHOD FOR USERS OF A NETWORK TO PROVIDE OTHER USERS WITH ACCESS TO LINK RELATIONSHIPS BETWEEN DOCUMENTS, was issued to Thomas Layne Bascom. A true and correct copy of the '241 Patent is attached to this Complaint as Exhibit D and is incorporated by reference herein.

13.     All rights, title, and interest in the '241 Patent have been assigned to Bascom, which is the sole owner of the '241 Patent.

14.     Defendant owns and operates the website located on the Worldwide Web at the web address of www.linkedin.com (the "LinkedIn website").

15.     On information and belief, Defendant operates a data center in the state of Virginia, in this District, that is affiliated with the LinkedIn website.

16.     The LinkedIn website is a social networking platform that allows its users to create their own personal profiles, link with their co-workers, acquaintances, etc., join common-interest user groups, and engage a variety of content. The LinkedIn website is built on a social graph which is accessible via the LinkedIn Application Program Interface (API). The LinkedIn API uniformly represents objects in the graph (e.g., people, groups, company, jobs, etc.) and the connections between them (e.g, colleague, classmate, business partner, friend, etc.). LinkedIn generally uses URL Query parameters to query the data exposed by the LinkedIn API.

- 3 -

17.     Every object in the social graph has a unique identifier and can be accessed using a unique URL. The objects in the social graph available to third-party developers include Profile, Groups, Companies, Jobs. Each object has a variety of fields that correspond to data relating to the object. For example, the Profile object contains 7 categories of fields that require member permission and 11 structured objects which are exposed by the Profile API to third-party developers.

18.     All of the objects in the social graph are linked to each other via connections. These connections are exposed to third-party developers using the Connections API. Connections can be established for colleagues, classmates, business partners, friends or unknown people. Additional information regarding the objects and connections available to third-party developers can be found at https://developer.linkedin.com

19.     Upon information and belief, there are additional objects and related information available to developers employed by LinkedIn that are not available to third-party developers or the general public. Accordingly, the above listed objects and related information are exemplary and not limiting.

20.     The objects in the social graph can be manipulated using various methods, including HTTP methods such as GET, POST, PUT and DELETE. Popular resources that can be written to include Network update, Shares, Invitations, Company follow, Joint a Group, Group post comment.

21.     The LinkedIn Platform contains a share and social stream. This stream allows members to share content and insights to the various connections. The Network Updates Stream is exposed to third-party developers using the Share API. The Network Updates follow a similar structure which identify the user who created the network update as well as the context of the update. An example of a Network Update is a CONN update that contains an update-content/connections node that describes

- 4 -

the user and the update-content/person which indicates the first degree connection making the new connection.

22.      Notably, the LinkedIn API is primarily marketed to third-party developers. However, any description of this mechanism is not intended to be limiting. Instead, the descriptions of this mechanism are intended to demonstrate the existence of components that are contained within the backend of the LinkedIn website. Thus, the analysis provided herein is relevant to the LinkedIn Platform, including the LinkedIn website, as a whole and is not limited to third-party development tools. Furthermore, upon information and belief, developers employed by LinkedIn utilize similar, if not the same mechanisms, in order to develop and maintain the LinkedIn Platform, including the LinkedIn website.

23.      LinkedIn requires its users to activate an account in order to use the LinkedIn website. Activation of an account requires a user to agree to terms and conditions that dictate how they use the LinkedIn website. LinkedIn generates a unique Profile object for each account which contains the personal information of the user. LinkedIn also generates connections for each Profile object that associates the Profile object with other objects in the social graph. The establishment of these objects and connections may generate activity on the LinkedIn website which is viewable to the user and/or other users of the LinkedIn website via the Network Updates. LinkedIn provides detailed instructions to its users regarding all aspects of the LinkedIn website which results in the generation of objects, connections and activity on the LinkedIn website. These instructions can be found at http://help.linkedin.com.

24.      LinkedIn also permits third-party developers to access and use the LinkedIn website. LinkedIn requires third-party developers to agree to terms and conditions that dictate how they access and use the LinkedIn website. Third-party developers have access to a variety of objects and

- 5 -

connections in order to build applications and websites that integrate with the LinkedIn website. Applications and websites that integrate with the LinkedIn website are also known utilizing the LinkedIn Platform.

25.    The LinkedIn Platform includes the LinkedIn website as well as the set of development tools and APIs that are provided to third-party developers. LinkedIn provides detailed instructions to developers to enable them to integrate with the LinkedIn website to create social applications and websites to reach its users. These instructions can be found at https://developer. linkedin.com. Additional information about the backend systems at LinkedIn can be found http://data.linkedin.com.

26.    The LinkedIn Platform also allows advertisers to build a Facebook webpage and connect with an audience. These ads can utilize the collection of LinkedIn's relationships/connections and even LinkedIn's collection of user actions. The strategy of advertising on LinkedIn allows the ads to reach a specific targeted audience based on the relationships/connections of specific LinkedIn users. LinkedIn bills the advertisers to generate revenue.

27.    The LinkedIn Platform offers several premium services that require a subscription: LinkedIn Premium, LinkedIn for recruiters, LinkedIn for job seekers, and LinkedIn for sales professionals. Each of these LinkedIn services has subcategories that change the price of the subscription and the quantity that the user can utilize the services. The services allow, for example, use of LinkedIn's Inmail service, access to other LinkedIn user's complete (i.e. non-public) profiles, premium search functionality, etc. The premium LinkedIn services each provide additional features as noted above, however, the most notable feature of the premium services allow for user's with a premium subscription to access additional content that is unavailable to users without a premium LinkedIn service subscription.

- 6 -

28.     On information and belief, Defendant has been and is now infringing the '232 Patent, the '974 Patent, the '241 Patent and the '971 Patent (collectively "the Patents-In-Suit") in the state of Virginia, in this judicial District, and elsewhere in the United States by, among other things, making, using, and operating the system and methods on the LinkedIn Platform. Reference to the LinkedIn Platform includes the LinkedIn website, as well as the set of development tools and APIs provided to third-party developers.

29.     By way of non-limiting example, as discussed above, the LinkedIn Platform includes a number of document objects that represent various entities. The LinkedIn Platform also contains a number of linking relationships that connect the document objects to each other. These linking relationships contain a variety of attributes that describe the linking relationship. By way of non-limiting example, these attributes may be found in the social graph of the LinkedIn Platform which is exposed via the LinkedIn API and may be manipulated using various API mechanisms. Each of the elements of the social graph, including the link relationships, may be retrieved using a unique identifier and presented based on the particular implementation of the application. Furthermore, users of the LinkedIn Platform are given the ability to access objects based on their relationship to other objects. For at least these reasons, the LinkedIn Platform infringes the Patents-In-Suit.

30.     In addition to directly infringing the Patents-In-Suit pursuant to 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, Defendant indirectly infringes the Patents-In-Suit pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including its users, to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents, of the Patents-In-Suit

### COUNT I
### (Infringement of the '232 Patent)

31.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

32.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '232 Patent, all in violation of 35 U.S.C. § 271(a)(b).

33.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

34.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

35.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the LinkedIn website located on the Worldwide Web at the web address www.LinkedIn.com, which embody the patented invention of the '232 Patent.

36.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '232 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

37.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

38.     Bascom is informed and believes that Defendant's infringement of the '232 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## COUNT II
### (Infringement of the '974 Patent)

- 8 -

39.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

40.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '974 Patent, all in violation of 35 U.S.C. § 271(a)(b).

41.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

42.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

43.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the LinkedIn website located on the Worldwide Web at the web address www.LinkedIn.com, which embody the patented invention of the '974 Patent.

44.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '974 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

45.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

46.     Bascom is informed and believes that Defendant's infringement of the '974 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

- 9 -

## COUNT III
### (Infringement of the '241 Patent)

47.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

48.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '241 Patent, all in violation of 35 U.S.C. § 271(a)(b).

49.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

50.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

51.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the LinkedIn website located on the Worldwide Web at the web address www.LinkedIn.com, which embody the patented invention of the '241 Patent.

52.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '241 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

53.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

54.     Bascom is informed and believes that Defendant's infringement of the '241 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

- 10 -

## COUNT IV
### (Infringement of the '971 Patent)

55.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

56.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '971 Patent, all in violation of 35 U.S.C. § 271(a)(b).

57.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

58.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

59.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the LinkedIn website located on the Worldwide Web at the web address www.LinkedIn.com, which embody the patented invention of the '971 Patent.

60.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '971 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

61.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

62.     Bascom is informed and believes that Defendant's infringement of the '971 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

- 11 -

## PRAYER FOR RELIEF

WHEREFORE, Bascom prays for judgment and relief as follows:

A.     An entry of judgment holding Defendant has infringed, is infringing, and has induced infringement of the '232 Patent, '974 Patent, '241 Patent, and '971 Patent.

B.     A preliminary and permanent injunction against Defendant and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, or inducing the infringement of the '232 Patent, '974 Patent, '241 Patent, and/or the '971 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.     An award to Bascom of such damages as it shall prove at trial against Defendant that is adequate to fully compensate Bascom for Defendant's infringement of the '232 Patent, '974 Patent, '241 Patent, and '971 Patent, said damages to be no less than a reasonable royalty;

D.     A finding that this case is "exceptional" and an award to Bascom of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285.

E.     An accounting of all infringing sales and revenues; and

F.     Such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Bascom demands a jury trial on all issues so triable.

Respectfully submitted,

BASCOM RESEARCH, LLC
By Counsel

Date:    October 3, 2012

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913

By:    _____

John A.C. Keith, VSB No. 14116
jkeith@blankeith.com
William B. Porter, VSB No. 41798
 wporter@blankeith.com
Counsel for Plaintiff
 Bascom Research, LLC

– and –

Jonathan S. Caplan, Esquire (*pro hac vice* pending)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, N.Y. 10001
Tel: 212-715-9100
Fax: 212-715-8000
Email: JCaplan@kramerlevin.com

Paul J. Andre, Esquire (*pro hac vice* pending)
Lisa Kobialka, Esquire (*pro hac vice* pending)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@kramerlevin.com
        LKobialka@kramerlevin.com