IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BASCOM RESEARCH, LLC,  )
       Plaintiff  )
v.  ) 1:12-cv-1112 (LMB/JFA)
LINKEDIN CORPORATION,  )
       Defendant.  )

ORDER

Defendant Linkedin Corporation ("LinkedIn") has filed a Joint[1] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Dkt. No. 33], requesting that this patent infringement action be transferred to the United States District Court for the Northern District of California because that venue is "clearly more convenient" for the litigation.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[I]n considering whether to transfer venue, a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and

---

[1] LinkedIn and the corporate defendants in four related actions before this Court – in which the plaintiff has asserted similar infringement claims against Facebook, Inc., Novell, Inc., Jive Software, Inc., and Broadvision, Inc. – have jointly filed this motion to transfer. See Nos. 1:12-cv-1111; 1:12-cv-1113; 1:12-cv-1114; 1:12-cv-1115.

witnesses justify transfer to that forum." Agilent Tech., Inc. v. Micromuse, Inc., 316 F.Supp.2d 322, 324-25 (E.D. Va. 2004). The movant carries the burden of establishing the propriety of the transfer request and the ultimate decision is committed to the sound discretion of the district court. See id. at 325.

Plaintiff Bascom Research, LLC ("Bascom") does not contest that its infringement claims could have been brought in the Northern District of California given the undisputed fact that LinkedIn is headquartered in that district and therefore "resides" there. See 28 U.S.C. § 1391(b)(1). In the remaining part of the § 1404(a) analysis, the district court "typically considers: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010).

Although a plaintiff's choice of forum "is typically entitled to substantial weight, especially where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action," deference to that forum choice "varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 995 (E.D. Va. 2011) (quotations omitted). Here, as in Pragmatus, the plaintiff's connection to the Eastern District of Virginia is tenuous. Bascom is a wholly-owned subsidiary of a seven-month-old Delaware corporation named Lexington Technology Group ("LTG") that has no apparent connection to Virginia and professes a mission of "generating returns from patent monetization." Bascom was

2

formed in Virginia a month before it acquired its patent portfolio and four months before it filed this lawsuit. It has no facilities, operations, offices, or employees that are located in this district besides its principal, Thomas Bascom, who is a co-inventor of the patents-in-suit and has lived in McLean, Virginia for fifteen years. He does not appear to work full-time for the plaintiff. Bascom appears to have recently hired William Rosselini as a technical consultant, but Rosselini resides in Texas and was the co-founder and CEO of Bascom's New York-based parent company, LTG. Bascom tries to argue that it should be considered a "practicing entity" because it plans to "leverage" its patents to develop new software technology. As the defendant points out, those claims about future research and development efforts are vague and aspirational, and do not reflect the present nature of the plaintiff. Thus, plaintiff's choice of forum will be given minimal weight due to the plaintiff's weak connection to the Eastern District of Virginia. Id.; see also CIVIX-DDI, LLC v. Loopnet, Inc., No. 2:12-cv-2, 2012 WL 3776688, at *3-4 (E.D. Va. Aug. 30, 2012).

Second, the defendant argues that the convenience of the parties weighs in favor of transferring the case to the Northern District of California because it is headquartered in that district and the employees with knowledge of the allegedly infringing technology are located there. Bascom contends that the defendant is simply trying to "shift the balance of inconvenience from one party to the other," but it fails to identify any connection between LinkedIn and the Eastern District of Virginia and its references to the relevant documents and

3

witnesses it possesses in Virginia are vague and appear unsupported by specific evidence in the record. Therefore, this factor weighs strongly in favor of transfer.

Third, the defendant has represented that there are 68 non-party witnesses located in the Northern District of California who are inventors or authors of prior art references cited on the face of the patents-at-issue. By contrast, Bascom has not identified any non-party witnesses located in the Eastern District of Virginia, pointing to a co-inventor located in Maryland and patent prosecution attorneys located in Washington, D.C. and maintaining that transfer is inappropriate because "a majority" of prior art references are located outside California. Because the defendant has identified numerous potential witnesses and sources of evidence in the Northern District of California and Bascom has failed to specifically identify more than a handful of witnesses located near the Eastern District of Virginia, this factor weighs strongly in favor of transfer.

Fourth, in evaluating the interests of justice, the plaintiff urges that the Court retain this civil action because of its interest in "providing a forum for its residents" and because it has a fast-paced docket. This Court rejected that argument in Pragmatus, finding that "[w]hen a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in the district primarily because it is known as the 'rocket docket,' the interest of justice is not served." 769 F. Supp. 2d at 997 (quotation omitted). For reasons similar to those set forth in that opinion, the Court finds that transfer would advance the interest of justice.

Accordingly, for the reasons stated in open court and set forth in this Order, LinkedIn's Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Dkt. No. 33] is GRANTED, and it is hereby

ORDERED that this civil action be and is TRANSFERRED to the United States District Court for the Northern District of California.[2]

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 11 day of December, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[2] Because this civil action is being transferred, the Court declines to address the merits of the defendant's Motion to Dismiss Plaintiff's Indirect Infringement Claims Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 22].

5